UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORMAN A. CRAFT, Administrator for the Estate of William E. Craft, | ) | NO. 1:26-CV-185 |
| Plaintiff | ) | RICHARD A. LANZILLO<br>United States Magistrate Judge |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| COUNTY OF ERIE, et al., | ) | |
| Defendants | ) | RE: ECF No. 20 |

## I. Background

Defendant County of Erie ("County") has moved for the entry of a protective order to limit disclosure of records and video surveillance recordings produced by it during this litigation. *See* ECF No. 20. Although open to the entry of a protective order, the Plaintiff argues that the breadth of the materials the County seeks to shield as "confidential" is overly broad and that the procedure for challenging the County's "confidential" designation of materials is unduly burdensome. *See* ECF No. 22. As described below, the Court will enter a protective order that accommodates the legitimate interests of both the County and the Plaintiff.

## II. Standard of Review

Under Rule 26(c), the Court may, for good cause, issue a discovery protective order "to shield a party from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The "party seeking a protective order over discovery material must demonstrate that good cause exists for the order." *In re Avandia Mktg. Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 671 (3d Cir. 2019).

"Good cause means that disclosure will work a clearly defined and serious injury to the party seeking closure," and the injury "must be shown with specificity." *Id.* "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not support a good cause showing." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994).

The Court of Appeals for the Third Circuit has identified the following non-exhaustive list of factors courts may consider in determining whether good cause exists for a protective order: (1) whether the disclosure will violate any privacy interests; (2) whether disclosure of the information will cause a party embarrassment; (3) whether the information is being sought for a legitimate purpose or for an improper purpose; (4) whether the sharing of information among the litigants will promote fairness and efficiency; (5) whether confidentiality is being sought over information important to public health and safety; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public. *In re Avandia*, 924 F.3d at 671–72.

## III. Discussion

The County proposes a Protective Order that deems the following materials "confidential":

(a) Erie County Prison security camera and body camera videos as well as still photographs taken therefrom;

(b) Incident and information reports and records that include information about inmates who are not parties to the instant litigation; and

(c) Officer incident reports, prison reports, incident reports from the Erie County Prison's medical and mental health providers, Erie County Prison policies, procedures and directives.[1]

ECF No. 20-1, ¶ 4. The County's proposed Protective Order also includes provisions designating documents, videos, and information previously produced by it as confidential and allowing any party to designate deposition testimony as confidential. *Id.* ¶¶ 5-6.

Under the County's Protective Order, any matter designated as confidential may be disclosed only to the Court and persons associated with the Court, counsel and associated staff, retained experts and consultants who have signed a commitment to maintain confidentiality of the material, a party and party affiliates, a witness at a deposition, and a person or entity that wrote or received a confidential document or gave testimony about it. *Id.* ¶ 8. If the Plaintiff wishes to challenge the County's designation of any material as confidential, the Plaintiff must present the challenge to the Court:

> Any party to this action may apply upon [48 hours' notice to the parties and other interested person] for an order that a person's designation of a matter as "CONFIDENTIAL" be changed.

*Id.* ¶14.

---

[1] The County's proposed Protective Order states that the County may designate material as "confidential" only if it "reasonably believes that the designated matter constitutes sensitive information involving safety and security..." ECF No. 20-1, ¶ 2. But its broad categories of materials that it wishes to be presumed "confidential" belie thoughtful consideration of application of the label. And the County's reference to "sensitive information" appears to adopt a lesser threshold for confidentiality than require under *In re Avandia* and *Pansy*.

Without explanation or detail, the County broadly claims that "safety and security" concerns support restricted disclosure of not just prison surveillance videos and photographs but all "Officer incident reports, prison reports, incident reports from the Erie County Prison's medical and mental health providers, Erie County Prison policies, procedures and directives." ECF No. 20-1, ¶ 4. This broad "laundry list" of materials likely includes every document the Plaintiff will request, and the County will produce, during discovery. While safety and security concerns no doubt warrant disclosure restrictions as to some materials within these categories, more than a talismanic invocation of "safety and security" is necessary to support "good cause" for such a broad designation.

Courts have generally recognized that the safety and security of prison personnel can be threated or undermined by unrestricted disclosure of video surveillance recordings and photographs. *See e.g, Alexander v. Bucks Cnty.*, No. 21-CV-4633-KSM, 2023 WL 5208506, at *3 (E.D. Pa. Aug. 14, 2023). But where courts have approved protective orders based on safety and security concerns, they have typically required, consistent with the mandate of *In re Avandia* and *Pansy*, *supra,* a degree of specificity to support those concerns. For example, in *Alexander*, defendants associated with the Bucks County Correctional Facility provided the affidavit of the director of that facility who explained, based on his nineteen years of correctional experience, how inmates and others could use prison surveillance videos to "determine areas within the prison that are vulnerable to breaches," allow "inmates and staff to perform illicit activities in blind spots," and study correctional

officers' "procedures for cell entries and cell extractions," along with their "specific uniforms, tools, and personal protective equipment." *Id.* The affiant directly linked disclosure of video to the ability of "offenders" to use the information to "facilitate security breaches, including attacks upon other offenders, staff, providers, or the public." *Id.*

In this case, the County has provided no supporting analysis for any of the many broad categories of materials it claims as "confidential." Nevertheless, because the risks created by the disclosure of surveillance videos and photographs, such as the risks discussed in *Alexander*, have been consistently recognized by the courts, this Court finds that their categorical restriction under a protective order is supported by good cause. Accordingly, the Court will adopt the County's proposed Protective Order to the extent that is deems surveillance videos and photographs categorically "confidential." To the extent Plaintiff seeks disclosure of surveillance videos and photographs, whether recorded by stationary, handheld, or body camera, beyond the persons authorized in the Protective Order, he must seek authorization from the Court.[2]

The Court, however, does not accept as presumptively confidential the following categories: all officer incident reports, prison reports, incident reports from the Erie County Prison's medical and mental health providers, Erie County Prison policies, procedures, and directives. The County has not provided a factual basis on

[2] Of course, the parties are encouraged to make every effort to resolve any such issues or disputes without court involvement.

which the Court can apply many of the factors identified in *In re Avandia* to find good cause for restricting their disclosure. And some of the factors facially weigh against significant disclosure restrictions. These include the sixth factor, which asks whether a public entity or official seeks confidentiality. "The public's interest is particularly legitimate and important where, as in this case, at least one of the parties to the action is a public entity or official." *Pansy*, 23 F.3d at 786. As to the third *In re Avandia factor*, which asks whether the information is being sought for a legitimate purpose or for an improper purpose, the Court finds that the two purposes the Plaintiff has identified for seeking the materials and information are entirely legitimate. The Plaintiff is endeavoring to identify individuals who participated in or were present for the incident as a necessary step to his ability to identify the multiple "Doe" Defendants named in the Amended Complaint and to ascertain the material facts necessary to further amend his pleading.

Some of the materials within the broad categories of confidential materials proposed by the County likely include information appropriate for restricted disclosure, such as information concerning other inmates, address or other personal information concerning staff, etc. Similarly, unrestricted access to "training manuals, techniques used to subdue an inmate, and use of physical force rules and procedures" present genuine safety risks because such materials can "provide a 'playbook for evading' corrections staff." *Bracey v. Valencia*, No. CV 19-1385, 2021 WL 5827373, at *4 (W.D. Pa. Dec. 8, 2021). But not all relevant policies and

procedures concerning the use of force and related subjects present such risks and, therefore, support confidentiality restrictions. *See id.*

The record simply includes no basis on which to find good cause to restrict all materials the County wishes categorically to designate as "confidential." Therefore, as to all such listed categories, other than video surveillance recordings and photographs, the Court will require the County to provide with its designation a log or other written record stating (1) the grounds for the designation (e.g., "safety and security of corrections staff," "privacy concern due to disclosure of information regarding other inmates"), (2) the specific information that the County considers confidential, and (3) how disclosure of that information would work a clearly defined and serious injury to the County. This protocol will encourage the County's careful and discerning designation of confidential materials and the Plaintiff's thoughtful consideration of the County's interests in determining whether to challenge a designation.

## IV. Conclusion

A Protective Order consistent with the foregoing will issue separately.

BY THE COURT:

Dated: 11/5/2026

RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE